KM

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francisco Rosas,<br><br>    Plaintiff,<br><br>vs.<br><br>Ken Clark, et al.,<br><br>    Defendants. | No. CV 1-08-850-FRZ<br><br>**ORDER** |

Plaintiff Francisco Rosas, who is confined in the Pelican Bay State Prison in Crescent City, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. On November 3, 2008, Plaintiff filed an Amended Complaint (Doc. #9), which the Court dismissed with leave to amend. After receiving two extensions of time, Plaintiff filed a Second Amended Complaint (Doc. #18) on April 12, 2010. The Court will dismiss this action.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1      A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

     "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

     If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

     Plaintiff's Second Amended Complaint will be dismissed for failure to state a claim, without leave to amend, based on the Court's finding that the defects in the amended pleading cannot be corrected.

**II.    Second Amended Complaint**

     Plaintiff names Dr. Calvin Schuster, Dr. R. Corbin,  Dr. L. Anderson, and Dr. Enenmon as Defendants in the Second Amended Complaint.

Plaintiff alleges that, in May 2007, Defendant Schuster ordered a colonoscopy procedure to be performed while Plaintiff was under general anesthesia. Defendant Corbin administered the anesthesia. Plaintiff alleges that the anesthesia was contraindicated because of the prescription medication Plaintiff was taking at the time. Plaintiff states that he woke up during the procedure choking and experiencing severe chest pain. The next day, Plaintiff was transported to Mercy Hospital in Bakersfield by emergency ambulance, where he was treated for aspiration pneumonia. Plaintiff claims that Defendants Schuster, Corbin, and Anderson were aware of the prescription drugs Plaintiff was taking before they conducted the procedure.

Plaintiff raises two grounds for relief:

(1) Defendants Schuster, Corbin and Anderson violated Plaintiff's Eighth Amendment rights when they used anesthesia on Plaintiff although it was contraindicated under the circumstances; and

(2) Plaintiff's Fourteenth Amendment rights were violated by Defendants' actions. Plaintiff seeks money damages.

### III.   Failure to State a Claim

To maintain a claim under the Eighth or Fourteenth Amendments based on prison medical treatment, a prisoner must show deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Id. This subjective approach focuses upon the mental attitude of the defendant. Id. at 839.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). In the medical context, deliberate indifference may be shown by (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle, 429 U.S. at 104).

1    Medical malpractice or negligence is insufficient to establish a violation. Toguchi,
2  391 F.3d at 1060.  Thus, mere negligence in diagnosing or treating a condition does not
3  violate the Eighth Amendment. Toguchi, 391 F.3d at 1057.  Also, an inadvertent failure to
4  provide adequate medical care alone does not rise to the Eighth Amendment level. Jett, 429
5  F.3d at 1096.  A difference in medical opinion also does not amount to deliberate
6  indifference. Toguchi, 391 F.3d at 1058.  To prevail on a claim involving choices between
7  alternative courses of treatment, a prisoner must show that the chosen course was medically
8  unacceptable under the circumstances and was chosen in conscious disregard of an excessive
9  risk to the prisoner's health. Id.

10    Plaintiff has failed to allege facts demonstrating that Defendants were deliberately
11  indifferent to Plaintiff's serious medical needs.  Although Plaintiff alleges that Defendants
12  were aware of the prescription medication Plaintiff was taking at the time, Plaintiff has not
13  shown that Defendants were aware that placing Plaintiff under general anesthesia while
14  Plaintiff was taking that medication would constitute a serious risk to Plaintiff's health or
15  that Defendants were otherwise deliberately indifferent to Plaintiff's safety. Plaintiff's facts
16  show, at most, that Defendants were negligent in placing Plaintiff under general anesthesia.
17  Negligent acts are not sufficient to support an Eighth Amendment medical claim.  The Court
18  will therefore dismiss the Second Amended Complaint.

19  **IV.    Dismissal without Leave to Amend**

20    Leave to amend need not be given if a complaint as amended is subject to dismissal.
21  Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989).  The Court's
22  discretion to deny or grant leave to amend is particularly broad where Plaintiff has previously
23  been permitted to amend his complaint.  See Sisseton-Wahpeton Sioux Tribe v. United
24  States, 90 F.3d 351, 355 (9th Cir. 1996).  Moreover, where amendment would be futile, there
25  is no reason to prolong litigation by allowing further amendments. Lipton v. Pathogenesis
26  Corp., 284 F.3d 1027, 1039 (9th Cir.2002); Klamath-Lake Pharmaceutical Ass'n v. Klamath
27  Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir.1983) (futile amendments should not be
28  permitted).

The Court finds that the defects in the Second Amended Complaint cannot be cured by further amendment. The Court will therefore dismiss the Second Amended Complaint and this action without leave to amend.

**IT IS ORDERED:**

(1) The Second Amended Complaint (Doc. #18) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

DATED this 14th day of May, 2010.

FRANK R. ZAPATA
United States District Judge